IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

INTRALOX L.L.C.   and )
THERMODRIVE L.L.C. )
)
Plaintiffs, )
) Civil Action No.   14-cv-7603
v. )
) **JURY TRIAL REQUESTED**
VOLTA BELTING TECHNOLOGY LTD. )
and VOLTA BELTING USA INC., )
)
Defendants. )
)

## COMPLAINT

Plaintiffs Intralox L.L.C. and ThermoDrive L.L.C., for their Complaint against Defendants Volta Belting Technology, Ltd. and Volta Belting USA Inc., allege as follows:

### The Parties

1.      Plaintiff Intralox L.L.C. ("Intralox") is a limited liability company organized and existing under the laws of the State of Louisiana and having its principal place of business at 301 Plantation Road, Harahan, Louisiana 70123.   Intralox is engaged in the business of manufacturing and selling conveyor belt systems and related equipment in the United States.

2.      Plaintiff ThermoDrive L.L.C. ("ThermoDrive") is a limited liability company organized and existing under the laws of the State of Michigan and having its principal place of business at 2532 Waldorf Court, N.W., Grand Rapids, Michigan 49544.   ThermoDrive is the owner of certain technology and associated intellectual property rights relating to the ThermoDrive line of conveyor products.

3.      Upon information and belief, Defendant Volta Belting Technology Ltd. is a corporation organized and existing under the laws of Israel and having its principal place of

business at 49 Hanehoshet Street, Karmiel 21651, Israel. Upon information and belief, Volta Belting Technology Ltd. is engaged in the business of manufacturing conveyor belts and other technologies and shipping them to the United States, among other places, for sale in commerce.

4.      Upon information and belief, Defendant Volta Belting USA Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 11 Chapin Road, Pine Brook, New Jersey 07058. Upon information and belief, Volta Belting USA Inc. is engaged in the business of distributing and selling Volta Belting Technology Ltd.'s products and technologies within the United States.

5.      Defendants are collectively referred to herein as "Volta."

## Jurisdiction and Venue

6.      This is an action for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

7.      This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

9.      This Court has personal jurisdiction over Defendants because Defendants have done and are doing substantial business in this Judicial District, both generally and with respect to the allegations in this Complaint, and Defendants have committed one or more acts of infringement in this District.

## The Patent-in-Suit and Defendants' Infringing Acts

10.     On December 14, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,850,562 ("the '562 patent"), entitled "LOW FRICTION, DIRECT DRIVE CONVEYOR BELT." A copy of the '562 patent is attached hereto as Exhibit A. The

'562 patent generally claims a direct drive conveyor having a thermoplastic endless belt with a plurality of teeth at a given belt pitch, a drive pulley adapted to receive the belt teeth as the belt wraps around the drive pulley to an exit point wherein the drive pulley has a pitch greater than the belt pitch and wherein only one tooth at a time is driven by the drive pulley, and a position limiter to ensure that the driven tooth stays engaged with the corresponding drive recess until the exit point without increasing tension throughout the belt; and a method of driving such an endless belt in a conveyor system.

11.     ThermoDrive owns the '562 patent by assignment.  Intralox holds an exclusive, perpetual, worldwide license from ThermoDrive under the '562 patent, as well as the sole right to pursue claims of infringement against third parties.

12.     Intralox makes, uses, sells, and/or offers for sale conveyor systems under the trade name ThermoDrive that practice the inventions set forth in the '562 patent.

13.     Volta is a direct competitor of Intralox.  Volta makes, uses, sells, offers for sale, and/or imports positive drive conveyor systems under the trade names DualDrive, DualDrive SP (Small Pulley), and SuperDrive.

14.     Volta is and has been aware of the '562 patent since at least December 4, 2013. On that date, counsel for Volta sent a letter to Intralox stating that "Volta has been informed that Intralox has recently told some of Volta's customers that buying Volta's Positive Drive Belts [*i.e.*, DualDrive, DualDrive SP, and SuperDrive] would infringe Intralox's U.S. Patent No. 7,850,562, which purports to cover certain conveyor systems and methods employing a 'limiter.'" (12/4/13 letter, a true and correct copy of which is attached hereto as Exhibit B.) Volta further stated its belief that "Volta's sale of its Positive Drive belts does not infringe this patent" and its customers would not "infringe the patent by using Volta belts in a system that

includes Intralox's limiter or which does not employ a limiter, as well as in many other instances." (*Id.*)  In its letter, Volta did not comment on whether the manufacture, use, sale or offer for sale of the DualDrive, DualDrive SP, and SuperDrive would infringe Plaintiff's patent when the systems were used with a position limiter manufactured by any party *other than* Plaintiff, including limiters manufactured by Volta or its suppliers.

15.     On December 16, 2013, Intralox responded to Volta's letter, noting that "Intralox is unaware of any communications by its commercial personnel stating that a customer would be infringing Intralox's patent by merely purchasing and using a Volta belt.  Intralox has informed and will continue to inform its customers and prospective customers of the existence of the patent so that customers can determine for themselves what would infringe any claim of the patent."  (12/16/13 letter, a true and correct copy of which is attached hereto as Exhibit C.)

16.     Volta's marketing manuals and technical manuals—true and correct copies of which are attached hereto as Exhibits D and E, respectively—describe and depict Volta's SuperDrive and DualDrive products being configured to operate without tension and using position limiters to prevent the conveyor belts from disengaging from the drive sprockets in the manner described and claimed in the '562 patent.  Volta's SuperDrive marketing manuals explain that position limiters should be used "where the belt is intended to operate without tension," and even describe and show where the position limiter should be placed.  (Exhibit D, at p. 10.)  Volta's DualDrive technical manuals instruct that position limiters should be used "when working without any tensioning at all, in order to prevent the disengagement of the belt from the Drive Sprocket."  (Exhibit E, at p. 14.)  Upon information and belief, representatives of Volta and/or Volta's distributors may also instruct end users to employ position limiters with the DualDrive, DualDrive SP, and SuperDrive products in the manner claimed in the '562 patent.

17.     By way of example only, Plaintiffs are aware via the personal observations of Intralox Product Manager, Jim Honeycutt, that Defendants have supplied the DualDrive conveyor belt system to customers who are using or have used that system with position limiters in at least the following locations: Caldwell, Idaho; Othello, Washington; and Chicago, Illinois. Plaintiffs are further aware via Mr. Honeycutt's personal observations that Defendants have supplied the SuperDrive conveyor belt system to customers who are using or have used that system with position limiters in at least the following locations: Othello, Washington and Hermiston, Oregon.   As such, at least Defendants' customers located in Caldwell, Othello, Chicago, and Hermiston directly infringe one or more claims of the '562 patent.

18.     Further investigation or discovery will likely show that additional outside equipment manufacturers, distributors, dealers, and/or customers of Defendants, as well as other third parties, directly infringe or have directly infringed one or more claims of the '562 patent.

**COUNT I:**
**INFRINGEMENT OF U.S. PATENT NO. 7,850,562**

19.     Plaintiffs incorporate paragraphs 1 through 18 as if fully set forth herein.

20.     Upon information and belief, with knowledge of the '562 patent, Defendants, in violation of 35 U.S.C. § 271(b), have induced, and are inducing, the direct infringement of one or more claims of the '562 patent by providing support, instructions, and/or encouragement to others to use Volta's DualDrive, DualDrive SP, and SuperDrive products in an infringing manner.   In particular, Defendants provide such support, instructions, and/or encouragement through at least Defendants' marketing and technical manuals for the DualDrive, DualDrive SP, and SuperDrive products, and/or through verbal instructions given to end users by Defendants' representatives and/or by representatives of the distributors of Defendants' products.

21.     Upon information and belief, a reasonable opportunity for further investigation or discovery will likely show that Defendants knew, or were willfully blind to the fact that, they were inducing infringement by instructing and recommending that their outside equipment manufacturers, distributors, dealers, customers, and/or other third parties make, use, sell, or offer to sell the DualDrive, DualDrive SP, and SuperDrive products using position limiters in accordance with the claims of the '562 patent.

22.     As a result of Defendants' acts, Plaintiffs have been damaged and will continue to be damaged.

23.     Defendants continue to make, use, offer for sale, sell, and/or import DualDrive, DualDrive SP, and SuperDrive products with position limiters in the United States, and/or continue to induce their outside equipment manufacturers, distributors, dealers, customers, and/or other third parties to make, use, offer for sale, and/or sell Volta's DualDrive, DualDrive SP, and SuperDrive with position limiters in the United States, with knowledge or with an objectively high likelihood of knowledge that they are infringing the '562 patent.  Accordingly, and in conscious disregard of Plaintiffs' patent rights, Defendants willfully infringe Plaintiffs' patent.  As such, Defendants are also liable for willful infringement, which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

24.     Unless enjoined by this Court, Defendants will be free to infringe Plaintiffs' patent rights and continue to cause irreparable injury.  Plaintiffs have no adequate remedy at law. Thus, Plaintiffs are also entitled to any and all applicable equitable relief, including but not limited to injunctive relief.

## JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.      That U.S. Patent No. 7,850,562 be adjudged valid, enforceable, and infringed by Defendants, and that Defendants' infringement be adjudged to be willful;

B.      That the Court preliminarily and permanently enjoins Defendants, their subsidiaries, parents, divisions, agents, servants, and employees from making, using, selling, offering for sale, importing or distributing the DualDrive, DualDrive SP, and SuperDrive products with position limiters and from infringing and inducing infringement of U.S. Patent No. 7,850,562 and for all further and proper injunctive relief;

C.      That Plaintiffs be awarded judgment against Defendants for damages, together with interest and costs;

D.      That Plaintiffs be awarded treble damages pursuant to 35 U.S.C. § 284;

E.      That Plaintiffs be awarded their reasonable costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable law; and

F.      That Plaintiffs be awarded other and further relief as this Court may deem just and proper under the circumstances.

Dated:  September 30, 2014                     Respectfully submitted,


                                               _/s/ Sharon A. Hwang_____
                                               Timothy J. Malloy
                                               Sharon A. Hwang
                                               Caroline A. Teichner

McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000

*Attorneys for Plaintiffs,*
Intralox L.L.C. and ThermoDrive L.L.C.